UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VISTAJET LIMITED,

                                  Plaintiff,                   **REPORT AND**
    -against-                                                   **RECOMMENDATION**

PARAGON JETS LLC d/b/a PARAGON            20-CV-5902 (JS)(SIL)
JETS,

                                Defendant.
------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Joanna Seybert, is Plaintiff's VistaJet Limited ("VistaJet" or "Plaintiff") motion for default judgment. *See* Docket Entry ("DE") [13]. By way of Complaint dated December 4, 2020, Plaintiff commenced this action against Defendant Paragon Jets, LLC ("Paragon" or "Defendant") alleging a claim for breach of contract. *See* Complaint ("Compl."), DE [1]. Defendant failed to answer or otherwise respond, and on March 12, 2021, the Clerk of the Court entered a Certificate of Default against it. DE [12]. On March 30, 2021, VistaJet filed the instant motion, DE [13], which Judge Seybert referred to this Court for Report and Recommendation as to whether it should be granted, and if so, to determine the appropriate remedies. *See* Mar. 31, 2021 Electronic Order. For the reasons set forth below, the Court respectfully recommends that the motion be granted and that Plaintiff be awarded $149,350 in compensatory damages, $41,676.77 in prejudgment interest, accruing at a daily rate of $39.73 until judgment is entered, and post-judgment interest pursuant to 28 U.S.C. § 1961.

1

I.   BACKGROUND

A. Facts

All relevant facts are taken from the Complaint and the instant motion papers and assumed true for purposes of resolving this motion.  *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

VistaJet is a corporate entity organized and existing under the laws of the Republic of Malta and with its principal place of business located there.  Compl. ¶ 2. Paragon is a limited liability company organized and existing under New York law and with its corporate address at 2 Medical Plaza, Glen Cove, New York 11542 and offices located at 101 Charles A Lindbergh Drive, Teterboro, New Jersey 07608. *Id.* ¶ 3.

On February 24, 2019, the parties entered into an agreement (the "Agreement") where Defendant requested, and Plaintiff agreed to make available, a VistaJet Global Aircraft and crew for a February 28, 2019 flight from Teterboro, New Jersey to Kosice, Slovakia and a March 3, 2019 return flight. *Id.* ¶¶ 7-8. In exchange, Paragon agreed to pay $145,000 (the "On Demand" price) upon receipt of VistaJet's invoice and no later than one business day prior to the flight departure, subject to an agreed cancellation policy. *Id.* ¶ 9; *see also* Declaration of Iain Rubli in Support of Motion for Default Judgment ("Rubli Decl."), DE [13-3], Exhibit ("Ex.") A at 1-2. According to Paragon's booking confirmation, which attaches the Agreement, the cancellation policy provides, "The following percentage of the On Demand price will be charged should the booking be canceled: . . . 24 hours prior to Departure or 'No

2

Show' – 100%." Rubli Decl. Ex A. at 2. This confirmation appears to be signed by Paragon on February 24, 2019, with the language above stating, "I agree with the above terms and the attached terms and conditions." *Id*.

According to the Agreement, Paragon was obligated to make payment for the flights by February 27, 2019, which was one business day prior to departure. Rubli Decl. Ex. A at 3. Clause 5 of the Special Terms and Conditions provides in part that late payments are subject to interest on the outstanding balance at an annual rate of 10% from the due date until payment is made. *Id*. at 3. The Agreement also provides that late payments are subject to a 3% fee of the On Demand price. *Id*. at 6. According to clause 6.1 of the Special Terms and Conditions, "VistaJet and/or the actual carrier shall endeavor to the best of their ability to ensure punctual carriage of passengers and baggage. However, the announced flight times are subject to reasonable changes owing to operational and technical circumstances beyond VistaJet's and/or the actual carrier's control." *Id*. 4. The Agreement also contains a choice-of-law provision for English Law. *Id*. at 5.

On February 25, 2019, VistaJet claims it sent Paragon an invoice, number: 0210201902990, for $145,000. Compl. ¶ 10; Rubli Decl. ¶ 6. That same day, Paragon requested a change in flight departure time, and on February 26, 2019, VistaJet sent a final itinerary with a new departure time in accordance with the change. *Id*. ¶ 13. Defendant did not make the payment that was due on February 27, 2019, the business day prior to departure. *See* Rubli Decl. ¶ 8; Compl. ¶ 13. Then, on February 28, 2019, VistaJet advised Paragon that a technical safety issue with the aircraft

3

required a short delay of the flight departure time, and in response, Defendant asserted that the delay was not acceptable, canceled the flights, and refused to pay any money it owed under the Agreement. Rubli Decl. ¶ 14.

VistaJet alleges that Paragon still has not paid the $145,000 On Demand price or the 3% late payment fee required under the Agreement. *Id.* ¶ 19. Plaintiff also claims that pursuant to clause 5.2 of the Agreement, Defendant's late payment is subject to an annual 10% interest from the date due, February 27, 2019, until the date of judgment, plus post-judgment interest in accordance with 28 U.S.C. § 1961. Pl. Mem. at 7; Rubli Decl. ¶ 20; *see also* Rubli Decl. Ex. A at 3.

### B. Procedural History

Based on the above, Plaintiff commenced this action on December 4, 2020 against Defendant seeking damages for breach of the parties' Agreement. *See generally* Compl. VistaJet served the Summons and Complaint on Paragon on January 12, 2021. *See* DE [10]. On March 10, 2021, after the time for Defendant to appear or otherwise defend this action passed, Plaintiff requested a Certificate of Default, *see* DE [8], and the Clerk of the Court entered default against Paragon on March 12, 2021. *See* DE [12].

On March 30, 2021, VistaJet filed the instant motion for default judgment, which seeks an award of $149,350, plus an annual 10% interest from February 27, 2019 to the date of judgment, exclusive of costs and attorney's fees, and post-judgment interest in accordance with 28 U.S.C. § 1961. *See* Pl. Mem. at 8. The motion was referred to this Court on March 31, 2021 for Report and Recommendation as to

4

"whether the pending motion should be granted and, if necessary, to determine the appropriate amount of damages, costs, and/or fees to be awarded." *See* Mar. 31, 2021 Electronic Order. For the reasons set forth below, the Court respectfully recommends that the motion be granted, and that Plaintiff be awarded monetary relief as described below.

## II.   LEGAL STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co.*, 373 F.3d at 246; *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The entry of a default judgment, however, is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party. *See*

5

*Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18CIV5624ARRVMS, 2020 WL 6370148, at *10-11 (E.D.N.Y. Aug. 11, 2020), *report and recommendation adopted*, No. 18CV5624ARRVMS, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) (internal quotations and citations omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, No. 14-cv-4657, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

### III.  DISCUSSION[1]

---

[1] The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2). The matter is between a citizen of a foreign country and a citizen of a State—Plaintiff is a corporation based in Malta, and Defendant is a corporation based in New York. *See* 28 U.S.C. § 1332(a)(2); Compl. ¶¶ 2-3; *see also Asiana Airlines, Inc. v. Port Auth. of New York & New Jersey*, No. 96 CV 1470, 1996 WL 480797, at *1 (E.D.N.Y. Aug. 8, 1996) (determining the court had jurisdiction under 28 U.S.C. § 1332(a)(2) over a case involving a plaintiff incorporated in a foreign state). Further, the amount in controversy exceeds $75,000 as the damages requested under the Agreement is $149,350, exclusive of prejudgment interest. *See* 28 U.S.C. § 1332(a); Pl. Mem. at 7.

### A. Choice of Law

As an initial matter, the Court must determine what law should be applied to VistaJet's substantive claims.  *See D'Amato v. Five Star Reporting, Inc.*, 80 F. Supp. 3d 395, 407 (E.D.N.Y. 2015).  The Complaint does not allege violations of a particular state's laws, and Plaintiff did not opine as to which state's laws govern its motion.  Moreover, because of their failure to answer or respond to the Complaint, Defendant has not advocated for the application of a particular state's laws.  As "neither party has offered a choice-of-laws analysis to determine which state law should apply to the claims in th[e] case," the choice-of-law rules of New York govern.  *Comprehensive Habilitation Servs., Inc. v. Commerce Funding Corp.*, No. 05 CIV. 9640, 2009 WL 935665, at *9 (S.D.N.Y. Apr. 7, 2009) (noting that a district court sitting in diversity jurisdiction applies the choice-of-law rules of the state in which it sits).

In New York, "the parties' manifested intentions to have an agreement governed by the law of a particular jurisdiction are honored . . . ."  *Freedman v. Chemical Constr. Co.*, 43 N.Y.2d 260, 265 n.*, 401 N.Y.S.2d 176, 179 n.* (1977); *Royal Dispatch Servs., Inc. v. UBS Fin. Servs., Inc.*, No. 12 CV 2032, 2012 WL 3113291, at *2, n.4 (E.D.N.Y. July 31, 2012) ("New York law generally honors contractual choice-of-law provisions.").  Further, a choice-of-law provision in a contract "will be upheld so long as the selected state has sufficient contacts with the transaction, and if there is no violation of public policy or existence of fraud."  *Opulen Ventures, Inc. v. Axcessa, LLC*, No. 12 CV 01776, 2013 WL 829230, at *1 (E.D.N.Y. Jan. 22, 2013), (Report and

7

Recommendation), *adopted by*, 2013 WL 828922 (E.D.N.Y. Mar. 6, 2013) (citing *Fieger v. Pitney Bowes Credit Corp.,* 251 F.3d 386, 393 (2d Cir. 2001)).

If a choice-of-law provision is not enforceable under New York law and neither party offers a choice-of-law analysis, "it can be said that they have consented to the application of the forum state's law." *Mangual v. Pleas*, No. 02 CIV. 8311, 2005 WL 2179083, at *2, n.1 (S.D.N.Y. Sept. 8, 2005); *see also Jin Young Chung v. Yoko Sano*, No. 10 CV 2301, 2011 WL 1303292, at *7 (E.D.N.Y. Feb. 25, 2011), (Report and Recommendation), *adopted sub nom. Jin Yung Chung v. Sano*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011) (finding New York law applies where plaintiff "has not taken any position" and the defendant defaulted). Similarly, where the parties assume one state's law applies, "implied consent . . . is sufficient to establish choice of law." *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (citations omitted); *see also Henneberry v. Sumitomo Corp. of Am.*, No. 04 CIV. 2128, 2005 WL 991772, at *5, n. 3 (S.D.N.Y. Apr. 27, 2005) ("Where the parties so assume, the Court need not address choice of law *sua sponte*.").

Nevertheless, where multiple jurisdictions are involved based on the parties and claims presented, the Court must initially determine whether an "actual conflict" exists between the laws of the jurisdictions. *GlobalNet Financial.Com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006) (quoting *in re Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 224, 597 N.Y.S.2d 904, 905 (1993)). Such a conflict exists when there are "relevant substantive differences that could have a significant impact on the outcome of the case." *Finance One Pub. Co. Ltd., v. Lehman Bros. Special Fin.,*

8

*Inc.*, 414 F.3d 325, 332 (2d Cir. 2005). "If no conflict is found between the law of the forum and any other jurisdiction whose law is invoked, then the Court should apply the law of the forum." *Alitalia Linee Aeree Italiane, S.p.A. v. Airline Tariff Publ. Co.*, 580 F.Supp.2d 285, 290 (S.D.N.Y. 2008).

Here, the parties' Agreement contains a choice-of-law provision, which states:

> This Agreement and any dispute, controversy, proceedings or claim of whatever nature arising out of or in any way relating to this Agreement (including any non-contractual dispute or claim) shall be governed by and construed in accordance with English law. The English courts located in London shall have exclusive jurisdiction to determine any dispute arising in connection with this Agreement, save that VistaJet shall retain the right to bring proceedings against the Client in the courts of any other competent jurisdiction whether or not proceedings in the English Courts are pending or have been prosecuted to judgment.

Rubli Decl. Ex. A at 5. While VistaJet can sue Paragon outside of English courts in London based on this provision, Plaintiff has not made a showing of sufficient contacts with England for its law to apply to VistaJet's breach of contract claim. In fact, VistaJet makes no argument in support of the application of English law at all. Plaintiff is incorporated in and has its principal place of business in Malta, while Paragon's corporate address is in New York and has offices located in New Jersey. Compl. ¶¶ 2-3. Based on the limited information supplied, there do not appear to be any contacts, let alone sufficient contacts, with England to justify applying English law to VistaJet's breach of contract claim.

As such, the Court turns to other New York choice-of-law principles in evaluating which state's law applies the breach of contract claim. Here, the relevant jurisdictions implicated are Malta, where Plaintiff is a domiciliary, New York, where

9

Defendant is a domiciliary, and New Jersey, where Paragon has offices and where VistaJet was operating because it was the departure location of the flight. Because Plaintiff makes no choice-of-law argument and filed this case in this Court, it follows that VistaJet consents to the forum state's law, and because Paragon has proffered no argument to the contrary by virtue of its default, the Court recommends that New York law be applied to this action. *See Jin Young Chung*, 2011 WL 1303292, at \*7 (applying New York law on a motion for default judgment where no party advocated for another jurisdiction's law); *see also Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003) ("although New York courts generally defer to the choice of law made by the parties to a contract, New York law allows a court to disregard the parties' choice when 'the most significant contacts' with the matter in dispute are in another state.") (internal quotations and citations omitted).

Initially, the Court finds no actual conflict between New York and Maltese contract law. Under the Malta Civil Code, and in accordance with New York law, "Where any person fails to discharge an obligation which he has contracted, he shall be liable in damages." Malta Civ. Code 16 § IV-1125. In addition, "where the obligation is to give or to do, and a time is fixed in the agreement, the debtor is in default by the mere lapse of such time . . . . and the damages due to the creditor are, generally, in respect of the loss which he has sustained," which is the same as compensatory damages under New York law. *Id.* §§ IV-1130, 1135; *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003) ("Under New York law,

10

damages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract.").

Further, the Court finds that there is no conflict between New York and New Jersey contract law. Under both jurisdictions, for a breach of contract claim, a plaintiff must prove: (1) a valid contract existed between plaintiff and defendant; (2) defendant breached the contract; (3) plaintiff performed its obligations under the contract; and (4) plaintiff was damaged as a result of the breach. *Chia Huey Chou v. Remington Tai Che,* No. 09 CV 4121 RRM LB, 2010 WL 6546831, at *2-3 (E.D.N.Y. Aug. 24, 2010), *report and recommendation adopted sub nom. Chia Huey Chou v. Che*, No. 09-CV-4121 RRM LB, 2011 WL 1527938, at *3 n.3 (E.D.N.Y. Apr. 22, 2011) (quoting *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F. Supp. 2d 543, 566 (D.N.J. 2003)); *see also Zorbas v. U.S. Trust Co., N.A., Zorbas v. U.S. Tr. Co.*, 48 F. Supp. 3d 464, 474 (E.D.N.Y. 2014) (applying New York law). Accordingly, because there is no actual conflict among the relevant laws of the jurisdictions implicated, the Court will apply New York substantive law to Plaintiff's claim.

### B. Liability

Next, Court must consider whether the factual allegations set forth in the complaint, taken as true, establish liability. *See Ferrara v. PJF Trucking LLC*, No. 13-CV-7191, 2014 WL 4725494, at *7 (E.D.N.Y. Sept. 22, 2014) ("Although Defendant's default constitutes an admission of all factual allegations in the Complaint as they relate to liability, Plaintiffs must nevertheless demonstrate that the uncontested allegations set forth valid claims."). VistaJet has asserted a common

law breach of contract claim. *See* Compl. ¶ 1. As set forth above, the elements of a breach of contract cause of action in New York are: "1) the existence of a valid contract, 2) [Plaintiff's] performance under the contract, 3) Defendant's breach of that contract, and 4) damage caused by the breach." *Morgan Stanley High Yield Sec., Inc. v. Seven Circle Gaming Corp.*, 269 F. Supp. 2d 206, 213 (S.D.N.Y. 2003).

Applying these standards, VistaJet has sufficiently established Paragon's liability for its breach of contract claim. Initially, Plaintiff pled the existence of the Agreement and submitted it to the Court. *See* Compl. ¶¶ 1, 7; Rubli Decl. Ex. A. Regarding VistaJet's performance, although it did not submit the invoice to the Court, Plaintiff provided the invoice number and sent it to Paragon on February 25, 2019. Compl. ¶ 10; Rubli Decl. ¶ 6. In addition, Plaintiff informed Defendant on the date of departure of a delayed takeoff due to a "technical safety issue." Compl. ¶ 18. This, however, was permissible under the terms of the Agreement because Clause 6.1 of the Special Terms and Conditions provides that "announced flight times are subject to reasonable changes owing to operational and technical circumstances beyond VistaJet's and/or the actual carrier's control." Rubli Decl. Ex. A at 4. Taking these allegations as true, Plaintiff fully performed under the Agreement. Next, Paragon breached when it did not make the payment one business day prior to the flight's departure, and then breached again cancelling less than 24 hours prior to departure. Compl. ¶¶ 12, 18-19. VistaJet suffered damages when Defendant refused to pay the On Demand price plus a 3% late payment fee under the terms of the Agreement. *Id.* at ¶¶ 23-26; Rubli Decl. Ex. A at 3-4. Because Plaintiff has sufficiently established

12

all elements, the Court recommends that Paragon be found liable for a breach of contract under New York law.

### C. Damages

Having determined Defendant's liability, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010). The Second Circuit allows for "an inquest by affidavit, without an in-person court hearing, 'as long as [the Court has] ensured that there was a basis specified in the default judgment.'" *All-Star Mktg. Grp., LLC v. Media Brands Co., Ltd.*, 775 F. Supp. 2d 613, 619 (S.D.N.Y. 2011) (quoting *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111). It is well-established that "the moving party bears the burden of providing a reasonable basis for determination of damages and should not be awarded damages if the evidence is not adequate." *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1160 (E.D.N.Y. 1995); *see also Sullivan v. Marble Unique Corp.*, No. 10-cv-3582, 2011 WL 5401987, at *3 (E.D.N.Y. Aug. 30, 2011) (Report and Recommendation), *adopted by* 2011 WL 5402898 (E.D.N.Y. Nov. 4, 2011) ("On a motion for default judgment, a plaintiff has the burden to prove damages to the Court with a reasonable certainty.") (internal quotation omitted).

Applying these standards, the Court recommends a finding that Plaintiff has met its burden of proving compensatory damages and pre- and post-judgment interest. In its motion, VistaJet seeks: (1) compensatory damages in the sum $149,350, which is the On Demand price plus a 3% late payment fee, (2) prejudgment

interest at the annual rate of 10% from February 27, 2019 to the date of the judgment, and (3) post-judgment interest in accordance with 28 U.S.C. § 1961. Pl. Mem. at 8. The Court addresses each below.

### 1. *Compensatory Damages*

Initially, Plaintiff claims $149,350 in compensatory damages as a result of Defendant's breach. Pl. Mem. at 3. VistaJet demonstrated through the confirmation booking and Agreement attached to Rubli's declaration that $145,000 is the On Demand price that was to be paid in full if the flights were cancelled less than 24 hours prior to departure. *See* Rubli Decl. Ex. A. at 1-2. According to Plaintiffs, Paragon cancelled on February 28, 2019, which was the same day as takeoff, requiring full payment. Compl. ¶ 18; Rubli Decl. ¶ 14. In addition, pursuant to the Agreement, a 3% late fee is assessed where the client fails to remit payment one business day prior to departure, and Plaintiff claims Defendant did not make a payment by the due date, which was February 27, 2019. *See* Rubli Decl. Ex. A. at 4; Compl. ¶ 12, 27. Accordingly, VistaJet has reasonably shown that under the Agreement it is owed $145,000 plus the 3% late payment fee of $4,350, totaling $149,350 in compensatory damages.

### 2. *Prejudgment Interest*

Next, VistaJet claims that under the Agreement, Paragon owes 10% interest annually from the date payment was owed to the date of judgment. Pl. Mem. at 3. New York law allows parties to contractually provide for prejudgment interest. *See e.g.*, *NYCTL 1998-2 Tr. v. Wagner*, 61 A.D.3d 728, 728, 876 N.Y.S.2d 522, 523 (2d

Dep't 2009) ("when a contract provides for interest to be paid at a specified rate until the principal is paid, the contract rate of interest, rather than the legal rate set forth in CPLR 5004, governs until payment of the principal or until the contract is merged in a judgment") (internal citation and quotation omitted). It is calculated beginning with the date of the breach. *See Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 599 N.Y.S.2d 501, 502 (1993) ("In New York, a breach of contract cause of action accrues at the time of the breach . . . .") (citation omitted).

According to the parties' Agreement, "late payments shall be subject to interest at 10% of the outstanding sum per annum (pro rata) from the date due until VistaJet's receipt. *See* Rubli Decl. Ex. A. at 4-5. In addition, the date of Paragon's breach was February 27, 2019 when it failed to submit the On Demand payment one business day prior to flight departure. *See id.* at 4. Accordingly, because the parties contractually provided for prejudgment interest and Plaintiff has sufficiently established Defendant's breach, the Court recommends an award of $41,676.77 in interest as of the date this Report and Recommendation, accruing at a daily rate of $39.73 until judgment is entered.[2]

### 3. Post-judgment Interest

Plaintiff also seeks an award for post-judgment interest from the date of judgment until payment. Pl. Mem. at 7. Under 28 U.S.C. § 1961(a), "[i]nterest shall

---

[2] This figure was calculated by taking the number of days between the date of the breach, February 27, 2019, and today's date, January 10, 2022 (1,049 days) and multiplying it by the daily interest rate of $39.73 ($145,000 (principal compensatory damages) x 0.10 (yearly interest) = $14,500 (yearly interest) / 365 days = $39.73 per day interest).

15

be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." An award of post-judgment interest at the statutorily prescribed rate is mandatory. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). The one-year constant maturity Treasury yield for the week beginning January 3, 2022 is .08. *See* https://www.federalreserve.gov/releases/h15/. Accordingly, the Court respectfully recommends that Plaintiff be awarded post-judgment interest calculated from the date the Clerk of Court enters judgment until the date the judgment is paid.

## IV.   CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's motion for default judgment be granted as to Paragon's liability for breach of contract and VistaJet be awarded $149,350, plus prejudgment interest of $41,676.77 accruing at a daily rate of $39.73 until judgment, and post-judgment interest calculated from the date the Clerk of Court enters judgment until it is paid.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Defendants and promptly file proof of serve by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time

waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

Dated: Central Islip, New York
January 10, 2022

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge